IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DAYRIN ROBINSON, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:12-CV-044-O-BL |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Dayrin Robinson, an inmate at the Texas Department of Criminal Justice's (TDCJ) Allred Unit. Because the petition does not present a cognizable basis for habeas relief and suffers several procedural failures, it is recommended the petition be dismissed.

## I. BACKGROUND

In 2003, Petitioner began serving a forty-year sentence for aggravated robbery (40 Years Conviction). *See Robinson v. Quarterman*, No. 3:07-CV-101-R, 2007 U.S. Dist. LEXIS 74658, 2007 WL 2907870 (N.D. Tex. Oct. 4, 2007). Since then Petitioner has filed numerous suits in state and federal court, some of the habeas variety attacking his 40 Years Conviction. *See, e.g.*, *Robinson v. Stephens*, No. 3:14-CV-3948-N-BK, 2014 WL 7392094, at *2 (N.D. Tex., Dec. 29, 2014) (accepting the recommendation of the magistrate judge) (noting several habeas petitions Petitioner has filed in the Northern District of Texas, Wichita Falls Division). Petitioner has filed other suits attacking changes in his custodial classification at the Allred Unit. *See, e.g.*, *Robinson*

*v. Thaler*, 7-12-CV-42, (N.D. Tex. Jan. 22, 2015) Doc. 12 (Report and Recommendation of the Magistrate Judge). His petition today appears to contest several factual predicates. (*See* Doc. 3).

## II. DISCUSSION

The instant pro se petition is not clearly written. It contains references to several judicial and prison disciplinary proceedings, and makes confusing allegations and demands. But courts must construe prisoners' complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). For better understanding, the court dissects the petition into a "referential" portion, in which the Petitioner is prompted to list information referring to the judgment he wishes to attack (*e.g.*, trial court case numbers and sentence lengths), and a narrative portion, in which the Petitioner is prompted to write out the grounds and supporting facts of why he is in custody in violation of the Constitution. The referential portion is pages two through five of the instant petition; the narrative portion is pages six and seven.

### A. REFERENTIAL PORTION OF PETITION

#### 1. Factual Predicate

A liberal construction of the instant petition could indicate as many as seven factual predicates upon which Petitioner bases his claims for habeas relief. The court considers each possibility.

##### Predicate 1

First, Petitioner appears to contest his 40 Years Conviction. (Doc. 3, p. 2, paras. 1, 4). Petitioner lists the trial court docket number of his conviction from Ellis County, case number 23761CR. *Id.*

Predicate 2

Next, Petitioner appears to contest a proceeding in the 378th District Court in Ellis County, Texas. *Id.* p. 2, paras. 1–3. Petitioner has entered two plea deals with the State—one in 1998 and one in 2001—dealing with various criminal charges. *See Ex Parte Dayrin Lemond Robinson*, No. 10-10-00048-CR, 2010 WL 2629857 (Tex. App.—Waco, June 30, 2010, no pet.) (mem. op., not designated for publication). As part of the 1998 plea deal, Petitioner was sentenced to ten years' imprisonment, which was suspended with community supervision for ten years. *See id.* In the instant petition, Petitioner indicates that the length of the sentence he contests is "10 years of life," and that the "Date of judgment of conviction [was] Suspended." (Doc. 3, p. 2, paras. 2, 3).

Predicate 3

In the portion of the instant petition for information referring to direct appeals of the judgment under contest, Petitioner notes case number 09-0295 from the Supreme Court of Texas. *Id.* p. 3, para. 9. That case was an appeal directly from the 203rd District Court in Dallas County on March 16, 2009, which the Supreme Court of Texas dismissed on April 24, 2009.[1] It is not clear what the substance and claims in that case were, but it is possible the judgment here is the same as Predicate 6 below.

Predicate 4

Prompted to list information referring to any state or federal collateral attacks he filed, Petitioner notes prison disciplinary case number 2009139738. *Id.* pp. 3–4, para. 11. That case is a prison disciplinary grievance attached to the instant petition, wherein Petitioner complains of

---

[1] *See* http://data.scotxblog.com/scotx/no/09-0295; http://www.search.txcourts.gov/Case.aspx?cn=09-0295&coa=cossup.

several things, notably not being able to purchase "legal correspondence material," including "stamps and writing paper" from the prison commissary. *Id.* pp. 11–14.

Predicate 5

Prompted to list information referring to any second state or federal collateral attacks, Petitioner notes prison disciplinary cause numbers 2009125717 (Predicate 5a) and 2009125015 (Predicate 5b). *Id.* p. 4, para. 11). Predicate 5a is a grievance attached to the instant petition, wherein Petitioner appears to complain of his 40 Years Conviction. *See id.* p. 15–18. Petitioner claims, "I was not afforded assistance from any division of TDCJ in the [40 Years Conviction]." *Id.* p. 17. Predicate 5b is not attached to the instant petition and there is no indication what the substance of that grievance is.

Predicate 6

Petitioner appears to contest a judgment from the 283rd District Court in Dallas County, Texas, which Petitioner notes bears the case number X08-777-P. *Id.* p. 4, para. 12(a). The court notes that case number is not a valid case number for the 283rd District Court; however, it is a proper case number of a case in the 203rd District Court in Dallas County. Petitioner appealed case number X08-777-P directly to the Supreme Court of Texas, which gave that proceeding the cause number 09-0295, as noted in Predicate 3.

To the extent Petitioner contests X08-777-P, the court considers that Predicate 3. To the extent Petitioner contests another case from the 283rd District Court in Dallas County, the court considers that Predicate 6.

Predicate 7

In the portion of the instant petition for information relating to disciplinary proceedings, Petitioner notes case number 20110221405 (Case 1405). *Id.* p. 5, para. 17. That case is not

-4-

attached to the instant petition; however, a Step 1 is attached for case number 2011135330 (Case 5330), which alleges that in writing up Case 1405, prison officials made a false report against Petitioner. *Id.* pp. 19–20. The instant petition contains no Step 2 for Case 5330.

## 2. Predicates Examined

### *i. Second or Successive Application*

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2254(b)(1). Before a petitioner may file a second or successive application in the district court, a three-judge panel of the court of appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

Petitioner has unsuccessfully challenged his 40 Years Conviction in federal court. *See Robinson*, 2007 U.S. Dist. LEXIS 74658, 2007 WL 2907870; *Stephens*, 2014 WL 7392094, at *2 (N.D. Tex., Dec. 29, 2014) (Order Accepting Findings and Recommendations of Magistrate Judge) (noting several habeas petitions Petitioner has filed in the Northern District of Texas, Wichita Falls Division). Additionally, Petitioner has unsuccessfully challenged his plea deals in federal court. *See Robinson v. Thaler*, No. 7:12-CV-10, Doc. 18 (N.D. Tex. Jan. 30, 2015) (Order Accepting Findings and Recommendations of Magistrate Judge).

To the extent Petitioner bases his habeas claim on Predicates 1 or 5a challenging his 40 Years Conviction, or Predicate 2 challenging one of his plea deals, Petitioner has not shown that the Fifth Circuit Court of Appeals has granted him permission to file the instant petition. Therefore, Petitioner has not shown this court has jurisdiction to consider his successive petition. *See* 28 U.S.C. § 2244(b).

*ii. Exhaustion*

With few exceptions, a habeas petitioner attacking the judgment of a state court must show he "has exhausted the remedies available in the courts of the State" prior to bringing suit in federal court. *See* 28 U.S.C. § 2254(b), (c). A prisoner contesting a prison disciplinary action must file Step 1 and Step 2 grievances with the TDCJ prior to bringing a federal habeas action. *Richardson v. Spurlock*, 260 F.3d 495 (5th Cir. 2001).

As discussed, Predicate 2 concerns one of Petitioner's plea deals. Petitioner does not evince he has exhausted his state remedies concerning his plea deals. He supplies no documentation and references no state court proceedings.

Likewise, Petitioner attaches no evidence of the existence of Predicates 5b and 6, much less evidence to show exhaustion thereof.

As to Predicate 7, even if the court were to consider Case 5330 Petitioner's actual basis for relief, Petitioner does not attach a relevant Step 2 to the instant petition. He therefore does not demonstrate exhaustion of that claim.

Accordingly, to the extent Petitioner bases his habeas claim on Predicates 2, 5b, 6, or 7, Petitioner fails to demonstrate he has exhausted his remedies before bringing suit in federal court. *See* 28 U.S.C. § 2254(b), (c); *Spurlock*, 260 F.3d 495.

*iii. Statute of Limitations*

28 U.S.C. § 2244(d) circumscribes the time period for a habeas petitioner to file suit in federal court. "28 U.S.C. § 2244(d)(1) provides that the one-year limitation period shall run from the latest of several start dates, including the date on which the judgment became final by the conclusion of the direct review or the expiration of the time for seeking such review." *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (internal quotation marks omitted). For habeas

petitioners contesting a prison disciplinary writ, the one-year period begins to run on the date of the disciplinary hearing; that is, the date of the the factual predicate forming the basis of the habeas petition. *Kimbrell v. Cockrell*, 311 F.3d 361, 363–64 (5th Cir. 2002).

Even affording Predicates 3, 4, and 5a the maximum imaginable time period, the instant petition was filed between thirty-two and thirty-four months after those factual predicates became final and appealable.[2] *See Roberts*, 319 F.3d at 692; *Kimbrell*, 311 F.3d at 363–64.

In sum, all potential bases of habeas relief in the referential portion of the instant petition fail to pass muster, either because of successive filing rules, exhaustion requirements, or the statute of limitations.

## B. NARRATIVE PORTION OF PETITION

Although this court must liberally construe the instant petition, "the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Poux v. Drew*, 2010 U.S. Dist. LEXIS 113433, 2010 WL 4281824  (D. S.C. Sept. 22, 2010) (citing *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990)).

In the narrative portion of the petition, it becomes even clearer that Petitioner is not entitled to habeas relief. To effectively communicate the essence of Petitioner's narrative claims, the court states them in detail.[3]

As the first ground for why he is being held in violation of the Constitution, Petitioner writes, "Illegally restrained of the right to keep and bear arms." (Doc. 3, p. 6, para. 20A). As "supporting facts," Petitioner writes, "I am entitled to mandatory record expunction and

---

[2] The instant petition was filed March 12, 2012.  Regarding Predicate 3, the Supreme Court of Texas dismissed case 09-0295 on April 24, 2009. Regarding Predicate 4, Petitioner's Step 2 grievance was finally determined June 24, 2009. Finally, regarding Predicate 5a, Petitioner's Step 2 was finally determined May 15, 2009.

[3] Petitioner's writing bears frequent grammatical and typographical errors. Passages quoted herein are reproduced verbatim.

discharge from confinement I do not have any criminal record and am being confined in a criminal institution by force. I am authorized to use force to discharge myself from restraint in TDCJ but the institution is keeping me from access to civil service and arms." *Id.*

Petitioner's second ground states, "Illegally restrained from officer training and education, and support." *Id.* Para. 20B. As supporting facts, Petitioner writes, "I am qualified to participate and pass officer training and education. I have requested forms and application but have not received a response. Measures necessary for me to take for the personal safety of myself and my family are blocked by denial of access to civil service at Texas." *Id.*

Petitioner's third ground states, "Illegally restrained of business and commerce; travel and privacy' life and liberty without just cause." *Id.* para. 20C. As supporting facts, Petitioner writes, "I need to purchase ammunition, writing material, legal books, utilities and equipment for my business practice and self defense of my person, property, and plans. I need to provide myself and my family with food, clothing, and shelter and other basic needs education and guidance they and I don't have." *Id.*

Petitioner's final ground states, "Illegally restrained of mandatory record expunction of arrest records." *Id.* para. 20D. As supporting facts, Petitioner writes, "All felony arrest procedures invoked against my person have been dismissed with prejudice from the begining. I must take action by civil suit to obtain all redress and remedy actions for my discharge from custody and clear my landmark name and property by exhausting the habeas corpus action. I am illegally incarcerated." *Id.*

As relief, Petitioner states, "I want the court to order record expunction full access to do business and commerce officer education and training travel and residency entitlements loans and grants. Order the right of action by legal process to be honored and respected order the

guaranteed access to the use of currency in dollars and money order unrestrained access to all state institutions public and private. Order access to state, military, and voter identification cards." *Id.*

### 1. Liberty Interest

"Federal habeas relief cannot be granted unless the petitioner alleges that he has been deprived of some right secured to him by the United States Constitution or laws of the United States." *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007). A district court must answer the preliminary question of whether there is a liberty interest that the prison action implicated or infringed. *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007) (citing *Meachum v. Fano*, 427 U.S. 215, 223–24 (1976)).

"A prisoner's liberty interest is generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995); *accord Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (A complained of condition "is not grounds for a due process claim unless it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.") (internal quotation marks omitted).

### 2. Liberty Interest Applied

It is unclear from the petition what practical consequences Petitioner faced as a result of any judgment or disciplinary proceeding he contests. Petitioner does not clearly allege, for example, that his custodial status was changed. *See Sandin*, 515 U.S. 472. Nor does he claim the duration of his confinement was affected. *See id.* Without more, Petitioner cannot show he was

deprived a constitutionally protected liberty interest. *See Sandin*, 515 U.S. 472; *Hernandez*, 522 F.3d at 562; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Petitioner does not support his allegations with facts, *see Poux*, 2010 U.S. Dist. LEXIS 113433, 2010 WL 4281824, and does not allege that any circumstance he experienced is an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin*, 515 U.S. 472; *Orellana*, 65 F.3d at 31. Petitioner does not show the treatment he received varied from the treatment another inmate in similar circumstances would receive, and does not show his experience was outside the normal prison experience.

Even liberally construed, Petitioner fails to present a cognizable basis for federal habeas relief either in the referential or narrative portion of his petition. *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *see also Stephens*, 2014 WL 7392094 (finding, in part, no cognizable basis for habeas relief).

Showing no liberty interest violation, Petitioner can receive no habeas relief. *See Teague*, 482 F.3d at 773; *see* 28 U.S.C. § 2 254; *Sandin*, 515 U.S. 472; *Stephens*, 2014 WL 7392094; Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that all pending motions in this case be **DENIED** and the petition for writ of habeas corpus be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must

file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     **SO ORDERED.**

     Dated this 4th day of February, 2015.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**